**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-8563**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

EDWARD MONROE LITTLE, a/k/a Ebay,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:03-cr-00012-RLV-10; 5:07-cv-00036-RLV)

Submitted:  May 21, 2009    Decided:  May 27, 2009

Before MOTZ, TRAXLER, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Edward Monroe Little, Appellant Pro Se.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Monroe Little seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2008) motion and its subsequent order denying his motion to alter or amend the judgment.[*] The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Little has

---

[*] Because Little's motion to alter or amend judgment was not filed within ten days of the district court's order denying relief on his § 2255 motion as required by Fed. R. Civ. P. 59(e), the time for appealing that order expired before he filed his notice of appeal on December 9, 2008, and only the denial of the motion to alter or amend judgment was preserved for appeal. See Alston v. MCI Commc'ns Corp., 84 F.3d 705, 706 (4th Cir. 1996) (only a timely Rule 59(e) motion tolls time period for filing notice of appeal); Fed. R. App. P. 4(a)(4)(A)(iv)-(vi).

not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Little has also filed, as an attachment to his informal brief, a "Motion for § 2255 Second or Subsequent Filing." In order to obtain authorization to file a second or successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h). Little's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED